## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

KELLY STANKIEWICZ, MD, FAAD

        Plaintiff,

    v.

DU PAGE MEDICAL GROUP, LTD., d/b/a
DUPAGE MEDICAL GROUP, an Illinois
corporation,

        Defendant.

No. 1:18-cv-03823

## JOINT INITIAL STATUS REPORT

### I.    The Nature of the Case

    A.  The following are the attorneys of record for each party:

        <u>Plaintiff's Counsel</u>

| | |
|---|---|
| William J. Serritella, Jr. | Brianna M. Skelly |
| Taft Stettinius & Hollister LLP | Taft Stettinius & Hollister LLP |
| 111 East Wacker Dr., Suite 2800 | 111 East Wacker Dr., Suite 2800 |
| Chicago, IL 60601 | Chicago, IL 60601 |
| (312) 840-4396 | (312) 836-4195 |
| Email: wserritella@taftlaw.com | Email: bskelly@taftlaw.com |
| LEAD ATTORNEY | |

        <u>Defendant's Counsel</u>

| | |
|---|---|
| Steven S. Scholes | Peter B. Allport |
| McDermott Will & Emery LLP | McDermott Will & Emery LLP |
| 444 West Lake St., Suite 4000 | 444 West Lake St., Suite 4000 |
| Chicago, IL 60606-0029 | Chicago, IL 60606-0029 |
| (312) 372-2000 | (312) 984-7532 |
| Email: sscholes@mwe.com | Email: pallport@mwe.com |
| LEAD ATTORNEY | |

    B.  Federal jurisdiction is founded upon diversity of citizenship.  In the case of Defendant, no publicly held entity owns more than 5% of its stock.

C. Plaintiff seeks a declaration from this Court under the Declaratory Judgment Act, 28 U.S.C. § 2201, that Defendant violated Section 11.70 of the Illinois Business Corporation Act, 735 ILCS 805 ILCS 5/1.01, et seq. (the "IBCA") regarding the rights of a dissenting shareholder to object to a corporate action and receive the fair value of her shares.

D. Statement of major legal and factual issues in the case:

<u>Plaintiff's Statement</u>.  Plaintiff was a minority shareholder in Defendant, a privately held medical corporation.  On July 26, 2017, she exercised her right under Section 11.70 of the IBCA to dissent to the sale of substantially all of Defendant's assets and demanded from Defendant the fair value of her shares.  The issues in the case are:  (i) whether after Plaintiff lawfully exercised her statutory right to dissent, Defendant violated Section 11.70(c) of the IBCA because it did not deliver its opinion of the estimated fair value of the Shares, its latest balance sheet, statement of income and interim financial statements, and a commitment to pay Plaintiff the estimated fair value of the shares; (ii) whether Defendant violated Section 11.70(f) because it has not paid Plaintiff the fair value of the shares, plus accrued interest from August 15, 2017, or filed a petition for a court to determine the fair value of the shares and interest due to Plaintiff; and (iii) whether the fair value of the shares exceeds Defendant's estimate thereof, including interest, attorney's fees, and costs of suit, in accordance with Sections 11.70(h) and (i) of the IBCA.

<u>Defendant's Statement</u>.  Plaintiff is a former employee and shareholder in Defendant Du Page Medical Group, Ltd. ("DMG").  She seeks a declaration that she is entitled to dissent to DMG's sale of its equity interest in DMG Practice Management Solutions (the "Transaction") pursuant to the IBCA.  However, Plaintiff did not possess a right to dissent to the Transaction because she was not a shareholder in DMG when the Transaction was consummated on August 15, 2017.  Moreover, Plaintiff's ownership of shares in DMG was controlled by an Amended and Restated Shareholder Agreement that sets forth the required method for calculating the fair value of Plaintiff's shares in the event DMG is required to repurchase Plaintiff's shares.  DMG tendered payment to Plaintiff for this amount on July 31, 2017.

The primary issues in this case are: (i) whether Plaintiff possessed the right to dissent to the Transaction under the IBCA because she was not a shareholder when the Transaction was consummated; (ii) whether the Shareholder Agreement establishes the "fair value" of Plaintiff's shares under the IBCA; and (iii) whether Plaintiff's claims are barred due to her unclean hands and her failure to comply with the statutory requirements set forth in Section 11.70 of the IBCA.

E. Plaintiff seeks a declaration that she is entitled to a judgment against Defendant in the amount of $1,400,000 (which amount represents her estimate of the fair value of the shares), plus interest, attorney's fees, and costs of suit, or, in the alternative, a judgment against Defendant for the amount in which the Court shall determine that the fair value

2

of Plaintiff's shares exceeds Defendant's estimate thereof, including interest, attorney's fees, and costs of suit.

## II.  Pending Motions and Case Plan

A.  The initial status hearing is set for Tuesday, September 18, 2018, at 9:00 a.m.

B.  Defendant filed its Answer on July 20, 2018 [#22].  Also, on July 20, 2018, Defendant filed a Motion to Dismiss the Complaint [#19], which asserts that the Complaint should be dismissed with prejudice under Fed.R.Civ.P. 12(b)(1) and 12(b)(6).  Pursuant to this Court's briefing schedule, Plaintiff filed her responsive memorandum on August 31, 2018, and Defendant's reply is due September 14, 2018.  There are no other pending motions.

C.  On August 21, 2018, the parties exchanged their mandatory initial discovery responses. On September 5, 2018, Peter Allport, for Defendant, and Brianna Skelly, for Plaintiff, conducted a planning conference via telephone in which the parties discussed the responses.  No party invoked any limitations in its response, and there are no unresolved limitations or other discovery issues to report.  The parties acknowledged that the Court's decision on Defendant's Motion to Dismiss may significantly reduce the factual issues of the case, and they discussed whether and to what extent they should proceed with formal written and oral discovery prior to a ruling.  While the parties agreed to produce the ESI, communications, and other relevant records and documents disclosed in their responses, they intend to seek the Court's approval to delay depositions and additional written discovery until after the Motion to Dismiss has been decided.  In addition, the parties discussed that Plaintiff will be on maternity leave for the entire month of September, 2018.  Finally, the parties agreed to the entry of a Rule 26(c) protective order, which Defendant will submit to the Court.

D.  Proposed Discovery Plan

1.  The maximum number of interrogatories, document requests, and requests for admission by each party is 25.  The maximum number of depositions by each party is 10.  The length of each deposition shall not exceed 7 hours.

2.  The parties respectfully seek that fact discovery shall open on the day that the Court issues its decision on Defendant's Motion to Dismiss.  Written discovery shall issue 30 days from the start of fact discovery.

3.  Pleadings shall be amended by November 19, 2018.

4.  Fact discovery shall conclude six months from the date it opens.

5.  The parties shall disclose experts and exchange expert reports 60 days after the close of fact discovery.  The parties shall exchange rebuttal expert reports, if any,

30 days after the expert reports are exchanged.  All expert discovery shall conclude 120 days from the close of fact discovery.

    6.  Dispositive motions shall be filed 60 days after the close of expert discovery.

  E.  <u>Trial</u>

    1.  The parties do not request a jury trial.

    2.  The probable length of trial is four (4) days.

## III.   Consent to Proceed Before a Magistrate

The parties do not consent to proceed before a Magistrate Judge.

## IV.   Status of Settlement Discussions

  A.  On June 1, 2018, Plaintiff served a written settlement demand on Defendant.

  B.  There have been no further settlement discussions.

  C.  The parties do not request a settlement conference at this time.

Dated:  September 12, 2018          Respectfully submitted,

Counsel for Plaintiff, Kelly Stankiewicz, MD FAAD,

 *s/ Brianna M. Skelly*
Taft Stettinius & Hollister LLP
111 East Wacker Dr., Suite 2800
Chicago, IL 60601
(312) 836-4195
Email: bskelly@taftlaw.com

Counsel for Defendant, Du Page Medical Group, Ltd.,

 *s/ Peter B. Allport*
McDermott Will & Emery LLP
444 West Lake St., Suite 4000
Chicago, IL 60606-0029
(312) 984-7532
Email: pallport@mwe.com